FILED
MAY - 3 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Artavias Cole, )
)
    Plaintiff, )
)    Civil Action No. 18-858 (UNA)
)
)
Bob Wortham *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION

Plaintiff is a Texas state prisoner incarcerated in Beaumont, Texas. He has filed an application to proceed *in forma pauperis* and a complaint against the district attorney and two prosecutors in Beaumont, Texas. *See* Compl. Caption. Plaintiff alleges that he has been "falsely imprisoned . . . due to the [defendants'] falsifying of documentation[.]" Compl. at 1. He seeks to "overturn . . . the courts/jury finding of guilty and 25 year sentence, for a full dismissal and immediate release." *Id.* at 4. In addition, plaintiff seeks "$1.3 million . . . for full settlement and closure of this transaction." *Id.* For the reasons explained below, the *in forma pauperis* application will be granted and this case will be dismissed pursuant to 28 U.S.C. § 1915A, which requires immediate dismissal of a prisoner's complaint that fails to state a claim upon which relief can be granted.

Plaintiff's challenge to his conviction and sentence must proceed under 28 U.S.C. § 2254, which requires that he first exhaust his available state remedies. *See id.* §2254(b)(1). Thereafter, an application under § 2254 "may be filed in the district court for the district wherein such person is in custody or in the district court for the district [where] the State court was held which

1

convicted and sentenced [petitioner][,] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). Plaintiff has no habeas recourse in this Court.

If plaintiff were to succeed on his claim of false imprisonment, moreover, his conviction could not stand. Therefore, plaintiff's claims are "not cognizable unless and until he meets the requirements of *Heck*" by having the conviction invalidated via direct appeal or habeas corpus, or declared void by an authorized tribunal. *Harris v. Fulwood*, 611 Fed. App'x. 1, 2 (D.C. Cir. 2015) (per curiam) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). And *Heck's* favorable termination requirement applies "no matter the relief sought (damages or equitable relief) . . . if success in the action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (internal quotation marks and other alterations omitted). Hence, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: ~~April~~ May 3, 2018

_____
United States District Judge

2